Good morning, Your Honors. My name is Carol Edward, and it is my honor today to represent Mr. Guinto, who is also present in court today. We're here with the same argument that I realize that you've already heard, and I'm going to repeat part of it without trying to go into too much detail, and that is Mr. Guinto is here. He's been a longtime permanent resident, and his case is about his right to apply for cancellation of removal after conviction for a controlled substance violation under state law, and we are arguing that just like you heard in the prior case under the Sandoval argument, that under Oregon law, it penalizes a broader scope of conduct than does the federal law. In our case, again, we're talking about the same issue, and the issue has to do with what does attempt, what does attempted violation under Oregon law provide, and is that full range of conduct significantly broader, and we would argue that it, in fact, is. Could you address the issue of whether you exhausted this argument? Yes, Your Honor. When we presented the argument at the board and to the judge, we talked about the scope of conduct, and we talked about attempt, and although we did not specifically discuss all the laws regarding solicit, we were discussing this specific issue of whether the provision of attempt under Oregon law was broader than the conduct that is penalized under the federal law, and that is how we, that's why it's not exhausted in our opinion. Given the timing that DeCamp and Moncrief were decided after the briefing, but before the decision, is there any obligation to amend or revise at that point? I'm sorry, I didn't understand your question, Your Honor. Well, given the timing of the Supreme Court case and the timing of your brief, the BIA had not rendered its decision yet, so in terms of exhaustion, did you have any obligation to bring those issues back to the court, even though your briefing had already been submitted?  I would argue at that point that we did not, because there is no obligation under the Board of Immigration Appeals. It probably would have been a wise thing to do, but we didn't have any obligation. In fact, there isn't a provision under the Board of Immigration Appeals rules for supplemental, just the opening and the reply, and they have very strict rules about when those can be submitted, and if you submit them at a different time, they don't have to accept them. So under the administrative rules of the Board of Immigration Appeals, I believe that it would have been difficult to get them to even look at it at that point. In fact, I have submitted supplemental briefs and had this argument with the board before on different issues, but we didn't specifically try to do that in this case. But I also want to point out to the court that we did get a recent BIA case that did talk about, and I put that in my supplemental case, that talks about how the board is going to act differently than it has in the past, and that it is no longer apparently going to challenge what the circuit courts are saying on these issues of whether something is divisible or not, and whether a statute is overly broad, and does now require that they look at the state statutes and the state law in a way that wasn't done in the past, and certainly wasn't done in this case. And so if the court does not find, for some reason, that this statute is overly broad and does not strike it down, I would argue that at a minimum it should be remanded to the board to consider this issue, because it's one that they haven't considered since the newer case law that was provided by the BIA. And I take it you're also asking us to really decide it in the first instance? Yes. Absolutely. Because it should be favorable to your client, yes. Yes. I am, Your Honor, and I think that this court is the appropriate place to decide it. But what I'm just saying is if for some reason the court feels like it hasn't been exhausted properly, then the appropriate action would be for the court to remand for their consideration. But this Cherez-Castrillon case that was issued by the BIA on September 28th, in my opinion, properly states that they are supposed to give deference to this court and to the state courts on these issues in a way that they haven't done before. I would also want to point out to the court, in our brief, we talked a little bit about not only the solicitation issue but also about possession and that under Oregon law you can find a delivery simply by possession. And, again, this goes to the attempt issue. When I was looking at all of the case law for the federal charging documents, it appears that most criminal cases, and I'm certainly not an attorney general, but most of the criminal cases that are charged appear to either be charged delivery when an actual delivery happens or possession with intent to deliver when there's no delivery that actually happens. So they don't punish delivery in the same way under the federal law. They don't charge it the same way under the federal law as far as I can see. And, obviously, if you're comparing possession with intent and delivery, those are two entirely different crimes and they have entirely different elements, including possession with intent to deliver always requires possession, which delivery does not. The other issue in this case that is different than the Sandoval case has to do with the Moncrief argument that is this a felony or not. Now, under Moncrief, of course, they were looking at a Georgia criminal code, which didn't have a separate division in that code for a small amount with no remuneration. But Moncrief said that if it's a possession with intent to distribute marijuana that could be charged as a felony or a misdemeanor under federal law, that it is simply not an aggravated felony. And I would argue that this case also applies under our Oregon statute. Although there was a provision under the Oregon statute that allowed for a de minimis, a one-ounce delivery with no consideration, I would argue that you could also be charged with delivery with no consideration, which is what he was charged with under ORS 475.992, which, of course, now doesn't even read the same because marijuana is legal in the state with certain small amounts, as well as the fact that they altered it because under the statute that he was charged, it was a Class A felony if it was a delivery with no consideration, but a Class B felony if there was consideration. And they've flipped that now. It's the opposite, except it's not Class A and B. They've lowered it down, and marijuana is no longer Schedule A. So there's actually been substantial changes in the law since this time. And I would argue that the law under which he was convicted at the time falls under the Moncrief analysis, and that our review of whether it could be charged as a felony or a misdemeanor must follow the same analysis as Moncrief did, and that it wouldn't be an aggravated felony because it wasn't a felony. So the solicitation issue has to do, is it a crime under the Controlled Substance Act? And the second question, is it a felony? And I would argue that for Mr. Guinto, that he should win on both counts, but if he wins on one count, it's still not an aggravated felony, and therefore he is eligible to apply for cancellation of removal and have his day in court for the judge to decide whether or not he is eligible to stay in the United States. So he was convicted in 2004? Yes. Thank you. Well, the United States already has a preview of some of our questions. We have our discussion with Ms. Park, so you may proceed. Good morning, Your Honors. May it please the Court. Sena Lee representing the Attorney General. The petitioner in this case has been convicted of an aggravated felony, a drug trafficking crime under the Controlled Substances Act. This is under the same statute as in the prior case, correct? Yes, Your Honor. So you heard our back and forth in the prior case? Yes, I did. Okay. So do you have any better arguments than we heard in the prior case? Well, I would actually argue that the petitioner has not exhausted the solicitation argument before the Board, so this Court shouldn't reach that. In what sense hasn't they argued that? They have not exhausted it? That is to say they didn't make the overbreadth and not lack of divisibility argument? Is that the problem? Well, he didn't specifically raise the issue of solicitation before the Board. Rather, he was relying on the argument concerning the amount of the controlled substance that he possessed. And the reason for that might have been that DECAMP had not been decided at the time briefing was submitted to the BIA. I don't believe that DECAMP would have made much of a difference as far as turning things upside down in terms of how we analyze these things. Right. It did change the analysis, but I think that the petitioner, he made a similar argument as far as attempt before the Board. So I think he could have raised that solicitation argument the same way. He could have raised it, but the law was against him at the time. I mean, the law was transformed in DECAMP. Was the argument that they should have supplemented because DECAMP came out between the time of briefing and the time of the BIA decision and the failure to supplement the briefing was a failure to exhaust? Is that the argument? Well, the government just believes that he could have raised that argument to the Board. But, you know, there's a certain point of no return when you argue something where the law is against you. I mean, basically, DECAMP totally changed the construct in terms of how we analyze these things. Had he raised it, he would have lost had not DECAMP come along. And now the BIA appears to have joined the Moncrief and DECAMP camp. But that is now, and when he came through, it was a completely different time. So how could he have raised it? You're saying basically that a petitioner should raise every point, even though the law is against him? Sorry, how would it have been against him at that time? There would have been no relief. Would there have been at the time? Pre-DECAMP, he would have prevailed, right? Because we viewed things very differently in terms of how we analyzed these aggravated felonies and how we analyzed the visibility. Everything was completely different with DECAMP. Right, Your Honor. I do agree that. The question is, does he have some obligation to raise a losing argument? That's really the question. I believe that he did argue the over-breath of the statute before the board. And so he could have also raised the solicitation argument at that point, which was similar to his argument. That would have been a losing argument under our law. And the answer to the question that's been posed was, does the government feel he should nonetheless have raised the argument? If it was a losing argument? Maybe he could have argued that the Ninth Circuit law was X and that we were wrong. That's usually a pretty good argument. Right, Your Honor. And that the Supreme Court is likely to reverse this, which it did in DECAMP. Yes, Your Honor. That's a slightly diseases question. Well, if the court does not find that he failed to exhaust, then we will rely on what my colleague has argued as far as solicitation goes. Thank you. Thank you. Thank you, Your Honors. Does the court have any additional questions for me? I think that's all we have. Thank you very much. Thank you. The case just argued, Quinto v. Lynch is submitted.
judges: McKeown, W. Fletcher, Fisher